IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LEONARD W. NAJACQUE,**

    Plaintiff,

v.                                                    Civil Action No. **3:24CV89 (RCY)**

**CITY OF HAMPTON,** *et al.,*

    Defendants.

**MEMORANDUM OPINION**

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation of the Second Particularized Complaint (ECF No. 18) pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the action will be DISMISSED for failure to state a claim and because it is legally frivolous.

**I. PRELIMINARY REVIEW STANDARD**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992)

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556).  In order for a claim or

2

complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ALLEGATIONS

The Court has twice directed Plaintiff to particularize his complaint because his allegations failed to provide each defendant with fair notice of the facts and law upon which his or her liability rests.[2] ECF Nos. 11, 17. Nevertheless, as recounted below, in his Second Particularized Complaint, Plaintiff once again fails to provide a coherent statement of his claims.

Plaintiff first lists the defendants and their roles in his criminal prosecutions in Virginia. The following Defendants were either public defenders, retained defense counsel, or court-appointed counsel, who represented Plaintiff in his criminal prosecutions: David Anderson, Trevor Anderson, and Tyron Johnson ("Defense Counsel"). ECF No. 18, at 1. Then, Plaintiff names an "unknown prosecutor" and Judge Bonnie Jones. *Id.* The remaining two defendants are police detectives: Daniel Smith and M. Chapman ("Police Detectives"). *Id.*

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotations from the parties' submissions.

3

Thereafter, Plaintiff provides a largely incoherent statement of the facts that give rise to his claims:

> All 7 peoples were conspired me on behalf of the City of Hampton, in this application we have more physical evidence. On 5/3/21 preliminary hearing the Hampton found me innocent and wrong defendant or criminal and told me you in jail for crime you've done we don't know yet. After brought all 4 criminals together . . . .
> The Hampton has connected with Suffolk for bribery purposes by def. 2 Daniel Smith. The 4 criminals paid to Hampton and Suffolk 60% of bribes, will pay the balance after conviction 19 criminal charges nonprocess in Hampton . . . .

*Id.* at 1. Plaintiff goes on in similar fashion for another five pages. *Id.* at 2–6.

In recent years, the Court has dismissed a series of similar, semi-coherent complaints by Plaintiff complaining about his prosecution. *See, e.g.*, *NaJacque v. Smith*, No. 3:23CV657 (RCY), 2025 WL 895206, at *4 (E.D. Va. Mar. 24, 2025) (dismissing action as legally frivolous and for failure to state a claims); *NaJacque v. Anderson*, No. 3:23CV880 (RCY), 2024 WL 2835884, at *2 (E.D. Va. June 4, 2024) (same).

### III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of Plaintiff's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Plaintiff's Second Particularized Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous. Plaintiff's claims fall into four categories: (1) claims against the Defense Counsel; (2) claims against the unknown prosecutor; (3) claims against Judge Jones; and (4) claims against the two Police Detectives.

4

### A. Defense Counsel

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g.*, *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Accordingly, all claims against the Defense Counsel will be DISMISSED as frivolous.

### B. Unknown Prosecutor

Prosecutorial immunity bars Plaintiff's claims for monetary damages against the prosecutor. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process," *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing

5

for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273. Plaintiff does not coherently allege that any actions taken by the unknown prosecutor were actions taken outside of his role as an advocate for the Commonwealth. *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"). Accordingly, the claims against the unknown prosecutor will be DISMISSED as frivolous and for failure to state a claim.

**C. Judge Jones**

Judges are absolutely immune from suits under 42 U.S.C. § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (citations omitted) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). A judge is entitled to immunity even if "the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority . . . ." *Stump*, 435 U.S. at 356. Only two exceptions apply to judicial immunity: (1) nonjudicial actions; and (2) actions, "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citations omitted). Plaintiff fails to allege facts that suggest either exception applies in this action. All claims against Judge Jones will be DISMISSED WITH PREJUDICE.

### D. Police Detectives

Plaintiff's last claims pertain to the two Police Detectives. Plaintiff fails to coherently articulate how the Police Detectives violated his constitutional rights. In any event, any such claim would likely be barred by by the doctrine established by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (internal footnote omitted). Accordingly, Plaintiff's claims against the Police Detectives will be DISMISSED as legally frivolous and for failure to state a claim.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims and the action will be DISMISSED WITH PREJUDICE as legally frivolous and for failure to state a claim. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: May 15, 2025
Richmond, Virginia

7